IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA CAMPBELL, on behalf of herself and all others similarly situated, | ) ) ) | Case No. 2:18-CV-00493 |
| Plaintiff, | ) ) | Judge Sarah D. Morrison |
| vs. | ) ) | Magistrate Judge Kimberly A. Jolson |
| WISE MEDICAL STAFFING, INC., | ) ) | |
| Defendant. | ) ) ) | |

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS & COLLECTIVE ACTION SETTLEMENT

Plaintiff Juanita Campbell ("Plaintiff"), on behalf of herself and others similarly situated (the "Class Members"), and Defendant Wise Medical Staffing, Inc. ("Defendant") hereby respectfully request that this Honorable Court:

1. Preliminarily approve the Parties' Settlement Agreement, attached hereto as **Exhibit 1**;

2. Approve settlement of the claims made pursuant to the Fair Labor Standards Act ("FLSA") and designate Juanita Campbell as the Class Representative for the Class Members and approve her request for Service Award;

3. Preliminarily approve the proposed class defined as:

   Each person employed by Defendant as a Home Health Aide in Ohio between May 15, 2015 and the date the Court gives preliminary approval of the Settlement, who does not opt out of the Settlement Agreement.

4. Approve the Notice of Proposed Settlement of Class Action and Fairness Hearing (Class Action Settlement Notice) to the Class Members, attached hereto as **Exhibit 2**, pursuant to Fed. R. Civ. P. 23(e);

5. Designate Hans A. Nilges, Jeffrey J. Moyle, and Shannon M. Draher of Nilges Draher, LLC as Class Counsel, and preliminarily approve their request for attorneys' fees and costs.

6. Schedule a fairness hearing at which the Court will consider a request for final approval of the proposed settlement as well as an entry of final judgment.

As explained in the attached Memorandum in Support, the Settlement Agreement was reached during arms-length negotiations between the Parties, with the assistance of Court-appointed Mediator Richard N. Coglianese, which were conducted by experienced counsel following substantial investigation and exchange of information, and on the basis of mutual recognition of the strengths and weaknesses of each other's positions, and the risks to each side of continued litigation. The Settlement is fair, reasonable and adequate, and thus the parties seek preliminary approval from the Court pursuant to Rule 23.

Respectfully submitted,

2

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 W. Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Fax: (330) 754-1430
jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Fax: (330) 754-1430
rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

**THOMPSON HINE LLP**

*/s/ Nancy M. Barnes*
Nancy M. Barnes (0074744)
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566.5578
Facsimile: (216) 566-5800
Nancy.Barnes@ThompsonHine.com

Megan S. Glowacki (0086572)
Heather M. Muzumdar (0082333)
Lindsay M. Nichols (0090498)
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 352-6700
Facsimile: (513) 241-4771 Email:
Megan.Glowacki@ThompsonHine.com
Heather.Muzumdar@ThompsonHine.com
Lindsay.Nichols@ThompsonHine.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October ___, 2019, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Nancy M. Barnes*
Nancy M. Barnes

*One of the Attorneys for Defendant*

## MEMORANDUM IN SUPPORT

### I.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.    The Action

On May 17, 2018, Plaintiff filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees all of their overtime pay for hours worked in excess of 40 in one work week.[1] Specifically, Plaintiff alleged that, pursuant to a companywide policy, Defendant did not compensate its home healthcare employees for time spent traveling during the work day.[2]  On January 25, 2019, Defendant filed its Answer to Plaintiff's Complaint, in which Defendant denied Plaintiff's material allegations, and that it violated any federal or state law.[3]

#### B.    Mediation and Negotiation of The Settlement

On August 30, 2019, the Parties participated in mediation with court-appointed mediator Richard N. Coglianese.[4]  In advance of mediation, Plaintiff's Counsel engaged a consultant to evaluate Defendant's pay and attendance data for Plaintiff and the entire putative class, which was produced by Defendant in discovery.[5] The consultant calculated the amount of alleged unpaid overtime and provided Plaintiff's counsel a mathematical damages model.[6]

Using the calculations performed by their consultant, Plaintiff's counsel calculated the mathematical expected value of the case through trial using TreeAge Pro©, which is a software program that does decision trees and performs expected value calculations and other analysis.[7]

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF No. 27.

[4] Declaration of Hans Nilges (hereinafter "Nilges Decl."), attached as **Exhibit 3**, at ¶ 10.

[5] *Id.* at ¶ 11.

[6] *Id.* at ¶ 12.

[7] *Id.* at ¶ 13.

Specifically, Plaintiff's counsel assigned subjective probability values to each stage of the litigation (e.g., conditional certification, Rule 23 class certification, decertification, summary judgment, trial, establishing willfulness, establishing entitlement to liquidated damages in various amounts).[8] Each of these risk probabilities was then compounded and multiplied by the damages calculated by Plaintiff's counsel's damages consultant, who is a Ph.D. level economist.[9] By utilizing this process, Plaintiff's counsel believes they were able to more fully appreciate the complete risk picture and economic value of the case, rather than simply relying on intuition and experience.[10]

The Parties were able to reach a settlement in principle at mediation on August 30, 2019.[11] The settlement that was reached exceeded the expected value calculation Plaintiff's counsel performed in advance of mediation. Plaintiff's counsel believes that this fact confirms their experiential opinion that the proposed settlement is fair, adequate, and reasonable.[12]

**C.**     **The Settlement Terms**

The Settlement Agreement resolves the Class Members' collective claims made pursuant to the FLSA[13] as well as claims made under Ohio law. The proposed settlement class was defined as:

> Each person employed by Defendant as a Home Health Aide in Ohio between May 15, 2015 and the date the Court gives preliminary approval of the settlement, who does not opt out of the Settlement Agreement.

---

[8] *Id.* at ¶ 14.
[9] *Id.*
[10] *Id.* at ¶ 15.
[11] *Id.* at ¶ 16.
[12] *Id.* at ¶ 17.
[13] *Id.* at ¶ 18.

The terms of the Settlement Agreement include: the total settlement payment to be made by Defendant ($165,000.00), the effective date of the Settlement, the administration of notice and class payments, the process for distributing notice of the settlement to the Class Members, the process for opting out of the settlement, the process for distributing settlement payments to Class Members, the proposed service award to Plaintiff in recognition of her service in this Action, and the proposed distribution of reasonable attorneys' fees and expense reimbursements to Plaintiff's Counsel.

The Class Members who do not opt out of the settlement will release all any and all claims under the FLSA made against Defendant in the Lawsuit up to the Effective Date of the Settlement Agreement, which is the date on which all appeals, if any, of the Court's Order and Judgment Entry finally approving the Settlement are resolved or when the time expires for filing such an appeal. Class Members will also have a choice to opt out, thereby excluding themselves from the lawsuit. The proposed notice will include a description of the date and time of the Fairness Hearing, and a class member's right to appear at the Fairness Hearing and argue in favor of, or in opposition to, the proposed settlement.

## II. MOTION FOR APPROVAL OF THE SETTLEMENT

Settlement of the claims in this lawsuit are subject to approval by the Court under the FLSA and Federal Rule of Civil Procedure 23. As shown in the attached Declaration of Hans Nilges, and as explained below, Court approval is warranted on all scores.

### A. The Seven-Factor Standard Applicable to FLSA Claims Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine

3

whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3. Application of those factors to this settlement demonstrates that approval is warranted.

### 1. No Indicia of Fraud or Collusion Exists

Plaintiff's Counsel and Defendant's counsel have extensive experience litigating FLSA claims, including claims for unpaid overtime, and were each given the opportunity to assess the merits of each parties and defenses, as well as the potential damages at issue in this case. The Settlement Agreement was achieved only after arms-length and good faith negotiations between the Parties with the assistance of Mediator Richard N. Coglianese.[14] As such, there is no indicia of fraud or collusion.

### 2. The Complexity, Expense and Likely Duration

---

[14] Nilges Decl. at ¶ 19.

**of Continued Litigation Favor Approval**

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the Parties disagree over the merits of Plaintiff's claims. Plaintiff claims Defendant failed to pay her and others similarly situated for all of their time worked, and that such failures resulted in unpaid overtime compensation. Specifically, Plaintiff claims that Defendant did not compensate her for time spent traveling, and did not properly compensate her for all overtime hours worked. Defendant denied any violation of federal or state law. Had this matter not settled, ongoing disputes would remain regarding liability, damages, certification of a class, and whether the two or three-year statute of limitations applied.[15]

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution.[16]

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation and discovery prior to negotiating the Settlement. Specifically, Defendant provided Plaintiff with the pay and scheduling data it had available for Plaintiff and the entire putative class members, and Plaintiff's Counsel engaged a consultant to analyze those records and compute damages, the results of which were used to guide Plaintiff in its analysis of this case.[17]

### 4. The Risks of Litigation Favor Approval

---

[15] Nilges Decl. at ¶ 20.
[16] *Id.* at ¶ 21.
[17] *Id.* at ¶¶ 11-15.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiff's claims, and the outcome of those defenses is uncertain as well. Consequently, continued litigation would be risky for all parties.[18]

At the fairness hearing, the parties anticipate presenting a final judgment giving effect to the Settlement Agreement. Upon final confirmation of the settlement and the performance by Defendant of all obligations under that agreement, Defendant will be fully, finally, and completely released of all liability to the Class Members except for those liabilities created by the Settlement Agreement.

### 5.    Uncertainty of Recovery Supports Approval

Plaintiff's range of possible recovery is also open to dispute. Even if Plaintiff succeeded on the merits of her claims, the amount of recovery is uncertain and something upon which the Parties disagree, and would likely continue to disagree. As an example, the Parties disagree about the extent of alleged unpaid overtime at issue in this case, and whether a three-year statute of limitations and liquidated damages would be applicable in this case.[19]

### 6.    Experienced Counsels' Views Favor Approval

Plaintiff's counsel has extensive experience in wage-and-hour collective and class actions, the Parties have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Plaintiffs' Counsel and Defendant's Counsel support the Settlement as fair and

---

[18] *Id.* at ¶¶ 22.
[19] Nilges Decl. at ¶ 23.

reasonable, and in the best interest of the Class Members as a whole, as described in the attached Declaration of Hans Nilges.

## B. The Court Should Preliminarily Approve the Settlement Under Rule 23.

The procedure for approving a class action settlement under Rule 23 is a three-step process: (1) the court must preliminarily approve the settlement; (2) the class members must be given notice of the proposed settlement; and (3) the court must hold a hearing to determine whether the proposed settlement is fair, reasonable, and adequate. *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001); *see also* Manual for Complex Litigation — Fourth (Federal Judicial Center 2004) ("Manual") §§ 21.62-63 .

The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of possible approval," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 313 (7th Cir. 1980) (citing Manual § 1.46 at 53-55 (West 1977)); Newberg on Class Actions (3d ed. 1992) ("Newberg"), § 11.25 at 11-36, 11-37. If the settlement receives preliminary approval, then after notice of the settlement terms is provided to the class, the court holds a final settlement approval hearing, at which class members may comment upon the settlement and the court determines if the settlement is "fair, reasonable, and adequate," warranting final approval. *Armstrong*, 616 F.2d at 313; see also Manual § 21.634; *see also Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) ("We review a district court's approval of a settlement as fair, adequate, and reasonable for abuse of discretion.") (citation omitted).

Neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the parties, and may conduct any necessary

7

hearing in court or in chambers, at the Court's discretion.  Manual § 21.632.  "In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties."  Manual § 21.633 at 320-21; *see also In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 370 (S.D. Ohio 1990) ("Preliminary approval of a proposed settlement is based upon the court's familiarity with the issues and evidence, as well as the arms-length nature of the negotiation prior to the proposed settlement, ensuring that the proposed settlement is not illegal or collusive.").

In making a preliminary assessment of the fairness of the proposed settlement agreement, the Court's "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 379 (N.D. Ohio 2001) (quoting *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied by 459 U.S. 1217 (1983)).  Preliminary approval does not require an evidentiary hearing.  *Mars Steel Corp. v. Continental Illinois Nat. Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987).  "A preliminary fairness assessment 'is not to be turned into a trial or rehearsal for trial on the merits,' for 'it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.'  Rather, the Court's duty is to conduct a threshold examination the overall fairness and adequacy of the settlement in light of the likely outcome and the cost of continued litigation."  *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 379 (citation and quotation omitted).

"As part of this evaluation, the Court may not second guess the settlement terms." *Id.* at 379-80 (citing *Armstrong*, 616 F.2d at 315 ("judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel")). "Moreover, when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *Id.* at 380 (citing *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983)).

In evaluating the fairness of a proposed settlement, courts have cited the *Girsh* factors from the Third Circuit. *Id.* (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975)). The *Girsh* factors include: (1) the strength of plaintiff's case, both as to liability and damages; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the reaction of the class members to the proposed settlement; (8) the public interest; and (9) the ability of the defendants to withstand a greater judgment. *Girsh*, 521 F.2d at 157; see also *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (listing many of the same factors). The *Girsh* factors are not mandatory, and this Court is not required to consider each factor and may consider other factors. *See, e.g., In re AT & T Corp. Sec. Litig.*, 455 F.3d 160, 165 (3d Cir. 2006) ("The *Girsh* factors do not provide an exhaustive list of factors to be considered when reviewing a proposed settlement."); *In re Prudential Ins. Co.*, 148 F.3d 283, 322-23 (3d Cir. 1998) (upholding district court's application of only two *Girsh* factors to analysis of proposed settlement).

**C.    Settlement Class Certification is Appropriate under Rule 23.**

The Parties move for certification of the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure. In considering a request for settlement class certification a court

9

should therefore see if the requirements of Rule 23 are met. That rule provides that an action may be maintained as a class action if the Court finds:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members;

(3) The representative parties will fairly and adequately protect the interest of the class, and have claims typical of the class; and

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

### 1. **The Proposed Settlement Class is Consistent with** *Amchem.*

The United States Supreme Court's opinion in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), confirms the propriety, and recognizes the necessity, of settlement class certification in cases like this one, involving a practice, identifiable class members, and relatively small and objectively calculable damages. Noting that Rule 23(b)(3) of the Federal Rules of Civil Procedure aims primarily at vindicating "the rights of groups of people who individually would be without effective strength to bring their opponent into court at all," the Supreme Court declared cases like this one to be the paradigm for class treatment:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. The class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

10

The present Settlement Class, which involves the same practice, and the same employer, and only economic (rather than personal injury) damages, is precisely the type of "core" class action endorsed in *Amchem*. Without this class action — and without this settlement — most Settlement Class members would be "without effective strength to bring their arguments into court at all." *Amchem*, 521 U.S. at 617. Unlike the class disapproved in *Amchem*, which presented highly individualized personal injury issues and future-injury classes, the instant Settlement Class seeks only economic damages. *See In re Prudential Ins. Co. of America Sales Practice Litigation*, 148 F.3d 283 (3d Cir. 1998). Under these circumstances, class certification, whether for purposes of settlement or trial, has long been held proper. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (settlement); *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177 (4th Cir. 1993) (trial); *In re School Asbestos Litigation*, 789 F.2d 996 (3d Cir. 1986), cert. denied, *Celotex Corp v. School Dist. of Lancaster*, 479 U.S. 852 (1986), and cert. denied, *National Gypsum Co. v. School Dist. of Lancaster*, 479 U.S. 915 (1986).

### 2. The Proposed Settlement Class Satisfies the Requirements of Rule 23.

a.   The Class is Numerous and Joinder is Impracticable.

Rule 23(a)(1) requires that the number of plaintiffs be numerous and that joinder of plaintiffs in one individual action be impracticable. Here, the class, which includes hundreds of former employees.

b.   Common Questions of Fact or Law Exist.

Rule 23(a)(2) requires that there be "questions of fact or law common to the class." Plaintiff alleged that Defendant engaged in a uniform pattern of conduct regarding the payment of travel time and overtime to its home health care employees. Although Defendant denies these claims, Plaintiff contends that they present common issues. *Stanich*, 249 F.R.D. at 523. Moreover,

and most importantly, because this Class is certified for settlement purposes only, all Settlement Class members have a common interest in having the Court evaluate the proposed settlement, consider the comments and reaction of the Settlement Class members to notice of the settlement, and make a determination of whether the settlement should be granted final approval. These settlement-related questions are the same for all Settlement Class members.

          c.      Representative Plaintiff Will Fairly and Adequately Protect the Interests of the Class.

Rule 23(a)(3) and (4) conditions class certification on a finding that "[t]he representative parties will fairly and adequately protect the interest of the Class," and that the named Plaintiff's claims are "typical" of the Class's claims. The Plaintiff's claim are identical to those of the other class members and her participation in helping this settlement be achieved are proof of her adequacy. Further, Plaintiff's counsel is experienced in class action litigation.

          d.      The Rule 23(b)(3) Prerequisites for Settlement Certification are Met.

Rule 23(b)(3) also requires a determination that common issues predominate, and that a class action is superior to other methods of adjudicating the controversy. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 376 (noting that a lower-threshold applies to the predominance finding when a settlement class rather than a litigated class is at issue, and also noting that differences in state law are not relevant to a settlement class); *Amchem Products, Inc.*, 521 U.S. at 619-20 (stating that when "confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial") (citation omitted). The simple truth is that every factual and legal issue in this matter is common across the class and thus predominance is met.

**D.      The Settlement Distributions Are Fair, Reasonable and Adequate**

12

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)). All components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for the Plaintiff and the Class.

### 1.    The Settlement Shares Are Reasonable and Adequate

The settlement shares for the Class Members will be based upon the number of weeks that Class Member worked for Defendant in comparison to the total number of workweeks worked by all members during the three years prior to the filing of the Complaint.[20] As mentioned above, as part of their pre-mediation evaluation, Plaintiff's counsel calculated the mathematical expected value of this case through trial, taking into account the compound risk associated with each stage of litigation. By utilizing this process, Plaintiff's counsel believes they were able to more fully appreciate the complete risk picture, and economic value of the case, rather than simply relying on intuition and experience. The settlement that was reached exceeded the pre-mediation expected value. Plaintiff's counsel believes that this fact confirms their experiential opinion that the proposed settlement is fair, adequate, and reasonable.

### 2.    Plaintiff's Service Award Is Proper and Reasonable

Service awards to a representative plaintiff, recognizing the value of his or her services on behalf of other participants, are proper. As stated in *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

---

[20] *See* Exhibit 1.

13

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997); *see also, Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiff's counsel to evaluate the strength of this case, and allowed the Parties to successfully resolve this matter. Plaintiff was available and provided settlement guidance in advance of and throughout the day-long mediation.[21] As such, her time and efforts support the requested service payment. Notably, Defendant does not object to the requested Service Award.

### 3. The Attorneys' Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to the Representative Plaintiff and the Class Members, it may review the Parties' agreement as to the provision of fees and costs to Plaintiff's Counsel. The Settlement reflects Defendant's agreement to pay Plaintiff's Counsel one-third of the total settlement amount.

---

[21] Nilges Decl. at ¶ 25.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

*Fegley* was followed in *Bessey v. Packerland Plainwell, Inc.* 2007 WL 3173972 (W.D. Mich. 2007), in which the district court approved a one-third attorneys' fee in an FLSA settlement very much like the one presented here. Fulfilling *Fegley*'s emphasis on "encourage[ing] the vindication of congressionally identified policies and rights," the *Bessey* court found "the percentage of fund method is the proper method in this case for compensating plaintiffs' counsel. The fact that the damages which could have been claimed by each class member were relatively modest provides a strong reason for adopting the percentage of recovery method, for it rewards counsel for taking on a case which might not otherwise be economically feasible." *Bessey,* 2007 WL 3173972, at *4 (citing *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) (the district court "must make sure that [class] counsel is fairly compensated for the amount of work done as well as for the results achieved" and "the percentage of the fund method more accurately reflects the results achieved"). *Accord, In re Revco Securities Litigation*, Fed. Sec. L. Rptr. ¶ 96,956, at 94,069 (N.D. Ohio 1993) ("'[t]he percentage of the fund approach... provides a

15

fair and equitable means of determining attorney's fees'" because "'the size of a common fund is an objective yardstick by which the benefit conferred upon the class can be measured'").

In determining the reasonableness of the one-third fee, the *Bessey* court considered the comparative data about Rule 23 class settlements summarized in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000), *discussed in Bessey*, 2007 WL 3173972, at *4:

> The most complete analysis of fee awards in class actions conducted to date was conducted by the National Economic Research Associates, an economics consulting firm. The data is reported at Frederick C. Dunbar, Todd S. Foster, Vinita M. Juneja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (NERA, June 1995) (hereinafter "NERA Study"). This data indicates that regardless of size, attorneys' fees average approximately 32% of the settlement.

*Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12) (emphasis added).

A one-third fee request has been approved in numerous collective and class actions in Ohio.[22] It is also appropriate in this case. Had this case not settled, Plaintiff's Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, Plaintiff was at great risk for non-payment. This risk of non-payment strongly supports the amount requested here and warrants approval.

In addition to attorneys' fees, Plaintiff's Counsel's expenses of approximately $10,968.78 should also be approved. All expenses were incurred during the course of the litigation of this Action.[23]

## E. THE PROPOSED FORMS OF NOTICE AND NOTICE PLAN SATISFY DUE PROCESS, AND ARE ADEQUATE.

---

[22] Nilges Decl. at ¶ 26.

[23] *Id.* at ¶ 27.

16

The method of notice proposed by the Settlement satisfies the requirements of the Federal Rules of Civil Procedure and should be approved by the Court. Notice of class certification of a Rule 23(b)(3) class under Rule 23(c)(2) must be "the best practicable notice under the circumstances. Fed. R. Civ. P. 23(c)(2). A notice under Rule 23(c)(2) is required to provide the following information:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

Notice of a proposed settlement under Rule 23(e)(1) "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1); *see also Fidel v. Farley*, 534 F.3d 508, 513-14 (6th Cir. 2008). Notice of a class action settlement need only "fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." *UAW*, 497 F.3d at 630 (quotation omitted). Class settlement notices generally inform class members of: (1) the nature of the pending litigation, (2) the settlement's general terms, (3) that complete information is available from the court files, and (4) that any class member may appear and be heard at the Fairness Hearing. *Manual* § 21.633 at 322.

The information contained in a Rule 23(e) notice greatly overlaps with that in the Rule 23(c)(2) notice. Accordingly, the *Manual* states that notice under Rule 23(c)(2) and Rule 23(e) are sometimes combined for economy. *Manual* § 21.633 at 321-22; *see also Manual* § 21.312 at

17

295 (enumerating the items that should be included in a class settlement notice). Here, Plaintiff proposes a combined form of notice that complies with Rule 23 and the *Manual's* guidance.

## 1. The Proposed Form of Notice is Appropriate.

The proposed form of the Class Notice also satisfies the Federal Rules of Civil Procedure. The essential components of a notice of class action and settlement are set forth in the Federal Judicial Center's *Manual For Complex Litigation*, §§ 21.311-312, 40.4. The notice should inform Class members of:

- o The substance of the action and the positions of the parties;
- o The identities of the parties and counsel;
- o The relief sought by Plaintiff;
- o The essential terms of the proposed Settlement;
- o The voluntary nature of class membership and the manner in which to opt out of the class;
- o The procedures and deadlines for commenting on the Settlement and submitting claim forms or requests for exclusion:
- o The amount of expenses and fees for which Class Counsel will apply to the Court by separate motion;
- o The place and time of the Final Fairness Hearing;
- o The procedures for the allocation and distribution of the Settlement funds;
- o The address and procedures for making inquiries and requests for additional information.

*Manual* § 21.211 at 289, § 21.212 at 295; 2 *Newberg*, § 8.32 at 8-105 (listing items to be considered for inclusion in the settlement notice).

The proposed notice, which has received the input and approval of all the parties, also fulfills the requirement of neutrality in class notices. *3 Newberg* § 8.39. It summarizes the proceedings to date, and the terms and conditions of the proposed settlement, in an informative and coherent manner, in compliance with the *Manual's* statement that "the notice must contain a clear, accurate description of the key terms of the settlement...." *Manual*, § 21.312. It makes clear that the settlement does not constitute an admission of liability by the settling defendants, and recognizes that this Court has not ruled on the merits of the action. It also states that the final

18

settlement approval decision has yet to be made. Accordingly, the notice complies with the standards of fairness, completeness, and neutrality required of a combined settlement certification class notice disseminated under authority of the Court. *See 3 Newberg* §§ 8.21, 8.39; *Manual*, §§ 21.311, 21.312.

## 2. The Opt-Out Period is Appropriate.

The opt-out period proposed here satisfies due process. In the present matter, the opt-out date is 45 days after Notice is mailed pursuant to the Preliminary Approval Order. This is more than sufficient. For example, in *Silber v. Mabon*, 18 F.3d 1449, 1452-53 (9th Cir. 1994), the court approved an approximately five-week notice program, with an opt-out date roughly 40 days from the initial date of mailing of the notice, and about 35 days from the initial date of publication of notice. Similarly, in *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), *cert. denied, Reilly v. Tucson Elec. Power Co.*, 512 U.S. 1220 (1994), the court approved a notice program which provided for mailing of notice 31 days before the deadline for written objections, and only 45 days before a final settlement approval hearing in that case. *See also Gilman v. Independence Blue Cross*, 1997 WL 633568 (E.D. Pa. 1997) (opt-out deadline 47 days after notice first published); *In re Prudential Ins. Co. of America Sales Practice Lit.*, 962 F. Supp. at 507 (D.N.J. 1997) (notice sent in first week of November for December 19 opt-out date).

## III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached hereto as **Exhibit :**

1. Preliminarily approving the Parties' Settlement Agreement, attached hereto as **Exhibit 1**;

2. Approving settlement of the claims made pursuant to the FLSA and designating Juanita Campbell as the Class Representative for the Class Members, and approving her request for Service Award;

19

3.  Preliminarily approving the proposed class defined as:

    Each person employed by Defendant as a Home Health Aide in Ohio between May 15, 2015 and the date or this Order preliminarily approving of the settlement, who does not opt out of the Settlement Agreement.

4.  Approving the Notice of Proposed Settlement of Class Action and Fairness Hearing, attached hereto as **Exhibit 2**;

5.  Designating Hans A. Nilges, Jeffrey J. Moyle, and Shannon M. Draher of Nilges Draher, LLC as Class Counsel, and preliminarily approving their request for attorneys' fees and costs.

6.  Scheduling a fairness hearing at which the Court will consider a request for final approval of the proposed settlement as well as an entry of final judgment.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **THOMPSON HINE LLP** |
| | |
| */s/ Jeffrey J. Moyle* | */s/ Nancy M. Barnes* |
| Jeffrey J. Moyle (0084854) | Nancy M. Barnes (0074744) |
| 614 W. Superior Avenue, Suite 1148 | 3900 Key Center |
| Cleveland, Ohio 44113 | 127 Public Square |
| Telephone: (216) 230-2955 | Cleveland, Ohio 44114 |
| Fax: (330) 754-1430 | Telephone: (216) 566.5578 |
| jmoyle@ohlaborlaw.com | Facsimile: (216) 566-5800 |
| | Nancy.Barnes@ThompsonHine.com |
| Shannon M. Draher (0074304) | |
| Hans A. Nilges (0076017) | Megan S. Glowacki (0086572) |
| 7266 Portage Street, NW, Suite D | Heather M. Muzumdar (0082333) |
| Massillon, Ohio 44646 | Lindsay M. Nichols (0090498) |
| Telephone: (330) 470-4428 | 312 Walnut Street, Suite 1400 |
| Fax: (330) 754-1430 | Cincinnati, Ohio 45202 |
| hans@ohlaborlaw.com | Telephone: (513) 352-6700 |
| sdraher@ohlaborlaw.com | Facsimile: (513) 241-4771 Email: |
| | Megan.Glowacki@ThompsonHine.com |
| Robi J. Baishnab (0086195) | Heather.Muzumdar@ThompsonHine.com |
| 34 N. High St., Ste. 502 | Lindsay.Nichols@ThompsonHine.com |
| Columbus, OH 43215 | |
| Telephone: (614) 824-5770 | *Counsel for Defendant* |
| Fax: (330) 754-1430 | |
| rbaishnab@ohlaborlaw.com | |
| | |
| *Counsel for Plaintiff* | |