# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA CAMPBELL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | : | Case No. 2:18-CV-00493 |
| | : | Judge Sarah D. Morrison |
| Plaintiff, | : | |
| vs. | : | |
| WISE MEDICAL STAFFING, INC., | : | |
| Defendant. | : | |
| | : | |

## CLASS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiff Juanita Campbell, individually and on behalf of members of the purported class other aggrieved employees, and Defendant Wise Medical Staffing, Inc. ("Defendant"), subject to Court approval as required by Federal Rule of Civil Procedure 23, enter into this Settlement Agreement ("Settlement"):

### I. DEFINITIONS

As used in this Settlement, the following terms shall have these meanings:

A. "Action" means the class and collective action entitled "Juanita Campbell v. Wise Medical Staffing, Inc., United States District Court, Southern District of Ohio, Case No. 2:18-cv-00493."

B. "Class Members" each person employed by Defendant as a Home Health Aide in Ohio between May 15, 2015 and the date the Court gives preliminary approval of the Settlement, who does not opt out of the Settlement Agreement.

C. "Class Period" means May 15, 2015 to the date the Court gives final approval of the settlement.

D. "Defendant" means Wise Medical Staffing, Inc.

1

E.  "Defense Counsel" means Nancy M. Barnes, Megan S. Glowacki, Heather M. Muzumdar and Lindsay M. Nichols of Thompson Hine LLP.

F.  "Effective Date" of the Settlement means the date upon which both of the following have occurred: (i) final approval of the Settlement is granted by the United States District Court, or other court assuming jurisdiction of this matter, and (ii) the Court's Judgment approving the Settlement becomes Final.

G.  "Final" shall mean the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the Supreme Court; or (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the Judgment is affirmed pursuant to such petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.

H.  "FLSA" means the Fair Labor Standards Act, 29 U.S.C. §203, *et. seq.*

I.  "Plaintiff" means Juanita Campbell individually and on behalf of other aggrieved employees.

J.  "Plaintiff's Counsel" means Hans A. Nilges and Jeffrey Moyle of Nilges Draher LLC.

K.  "Parties" means Plaintiff and Defendant.

L.  "Released Claims" means the wage and hour claims asserted by Plaintiff on behalf of herself and other similarly situated individuals under the FLSA and Ohio Revised Code § 4111.03 in the Action.

M.  "Released Parties" means Defendant and all of their present and former parent companies, subsidiaries, divisions, partnership, or affiliates, and each of their respective present

and former employees, officers, directors, partners, members, agents, attorneys, administrators, representatives, shareholders, predecessors, successors, and assigns.

## II. RECITALS

A. On or about May 17, 2018, Plaintiff, on behalf of herself and other similarly situated individuals, filed a class and collective action complaint in the Southern District of Ohio, alleging wage and hour law violations under the FLSA and Ohio Revised Code § 4111.03.

B. On or about January 25, 2019, Defendant answered the Complaint.

C. The Parties engaged in discovery prior to the mediation. The parties, through counsel, exchanged hundreds of pages of documents and other information, including payroll records related to Plaintiff and the Class Members, and a sampling of timekeeping records for an agreed-upon group of individuals. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

D. Plaintiff's Counsel has conducted a thorough investigation into the facts and has diligently pursued an investigation of Plaintiff's claims against Defendant. Additionally, as part of their pre-mediation evaluation, Plaintiff's counsel calculated the mathematical expected value of the case through trial using TreeAge Pro©, which is a decision tree software. Specifically, Plaintiff's counsel assigned subjective probability values to each stage of the litigation (e.g., conditional certification, Rule 23 class certification, decertification, summary judgment, trial, establishing willfulness, establishing entitlement to liquidated damages in various amounts). Each of these risk probabilities were then compounded and multiplied by the damages calculated by Plaintiff's counsel's damages consultant, who is a Ph.D. level economist. Plaintiff's counsel believes the proposed settlement is fair, adequate, and reasonable.

E. On or about January 30, 2019, Plaintiff filed a Motion for Conditional Certification and Court-Authorized Notice.

F. On or about February 21, 2019, Defendant filed its Opposition to the Conditional Certification and Court-Authorized Notice.

G. The Parties agreed to engage in a mediation, which took place on August 30, 2019, with court-appointed Mediator Richard N. Coglianese. The Parties engaged in extensive settlement negotiations at the mediation. Ultimately, negotiations resulted in this Settlement.

H. Counsel for the Parties have thoroughly investigated the facts relating to the claims alleged in the Complaint and made a thorough study of the legal principles applicable to the claims asserted against Defendant. Plaintiff's Counsel has concluded the Settlement is fair, reasonable, and adequate, given all known facts and circumstances, including the defenses asserted by Defendant, potential adverse findings regarding liability, and numerous potential appellate issues.

**NOW, THEREFORE**, in consideration of the mutual covenants, promises, and conditions set forth, the Parties agree:

## III. NON-ADMISSION OF LIABILITY

A. Based on the factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks, uncertainty and costs of further litigation, the Parties concluded that the terms set forth in this Settlement are fair, reasonable, adequate and in the best interests of the Class Members.

B. By entering into this Settlement, Defendant does not admit liability for the claims in the Action, or any other potential or unknown claims based on wage and hour violations under Ohio or federal law. Neither this Settlement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement, may be construed as, or may be used as, an admission, concession, or indication by or against Defendant of any unlawful conduct, fault, wrongdoing or liability whatsoever.

4

## IV. TERMS OF THE SETTLEMENT

### A. Memorandum of Understanding

The Parties entered into a Memorandum of Understanding ("MOU"), effective August 30, 2019. The terms of the MOU are incorporated by reference. To the extent the terms of this Settlement conflict with the terms of the MOU, the terms of the MOU control.

### B. The Total Settlement Payment

Defendant shall pay a settlement payment in a total amount not to exceed $165,000.00 ("Gross Settlement Amount"). The Gross Settlement Amount is all-inclusive and is the maximum amount Defendant can be required to pay under this Settlement. The Gross Settlement Amount covers the Class Member Fund, the settlement administration costs, Plaintiffs' attorney fees and costs, and Plaintiff's incentive award.

### C. Plaintiff's Incentive Award

The Parties shall allocate $3,000.00 from the Gross Settlement Amount for payment of an incentive award (the "Incentive Award") to Plaintiff as the class representative. In exchange for the Incentive Award, Plaintiff will sign an Individual Release of Claims.

### D. Settlement Administration Fees and Costs

The Parties shall allocate $9,047 from the Gross Settlement Amount for the payment of settlement administration fees and costs, which shall be performed by Analytics Consulting LLC ("Settlement Administrator").

### E. Attorney Fees and Costs of Litigation

Subject to approval by the Court, Defendant will not object to a claim for Plaintiffs' attorney fees in the amount of 1/3 of the Gross Settlement Amount, which is $55,000.00, in addition to actual costs incurred during this litigation in the amount of $10,968.78. Plaintiff's attorney fees and costs will be subtracted from the Gross Settlement Amount and will be paid by

5

the Settlement Administrator via check or electronic transfer in amounts approved by this Court. Defendant will not be obligated to pay any attorney fees or costs of litigation of Plaintiffs' Counsel above this amount.

F.  **Class Member Fund**

The Parties shall allocate the portion of the Gross Settlement Amount remaining after payments made in Paragraphs C, D, and E above for payment to the Class Members ("Class Member Fund"). This Fund will be divided among the Class Members on a pro-rata basis based on the number of weeks worked for Defendant during the Period.

V. **COMPUTATION/DISTRIBUTION OF TOTAL SETTLEMENT FUND**

A.  **Timeline of Settlement Administration**

- Within **ten (10) days** after the District Court grants preliminary approval of the Settlement, Defendant will provide to the Settlement Administrator and Plaintiff's Counsel a spreadsheet containing the names, last known address, and dates of employment of the Class Members, according to records maintained by Defendant.

- The Settlement Administrator will distribute the Notice Forms to the Class Members via First-Class Mail within **twenty-one (21) days** after the Court issues its preliminary approval order. The Settlement Administrator will perform address updating through the National Change of Address Database before the notice is mailed. If any notices are returned as undeliverable, the Settlement Administrator will advise the Parties' Counsel. For current employees of Defendant, the Parties will make reasonable efforts to locate the individuals and re-send the Notices.

- Upon the close of the opt out period, the Settlement Administrator will provide the Parties with copies of all opt out forms or notifications and a list of all individuals who are members of the class with the amount of their payments within **seven (7)**

6

**days.** Defendant will file the list of Class Members who did not opt out of the Settlement Agreement and Release with the Court within three (3) business days of receipt of the list.

- Within **fourteen (14) days** after the close of the opt out period, the Parties will file a Joint Motion for Final Approval of the Settlement.

- Within **ten (10) days** of the Effective Date, Defendant will provide to the Settlement Administrator the Gross Settlement Amount via check or electronic transfer.

- Within **twenty-one (21) days** of the Effective Date, the Settlement Administrator will issue a check payable to Plaintiff for her Incentive Award, and a separate check payable to Plaintiff's Counsel for attorneys' fees and costs, in the amounts approved by the Court.

- All Class Members who do not opt out of the Settlement Agreement and Release will receive a payment under this Settlement.

B. **Payment of Gross Settlement Amount**

Within 28 days after the Effective Date, the Settlement Administrator shall forthwith distribute the amounts allocated for the Class Member Fund.

C. **Formula for Calculating Share of Class Fund**

The portion of the Class Member Fund paid to each Class Member shall be determined based on the following formula:

    1. The payment to Class Members will be based on the number of weeks worked by each Class Member during the Class Period. Partial weeks will be counted as full work weeks.

7

2. The amount to be paid per week worked to a Class Member will be calculated by dividing the value of the portion of the Class Member Fund paid to Class Members by the total number of weeks worked by all Class Members during the Class Period.

3. Defendant's records shall be determinative for purposes of calculating the number of weeks worked and any payments to Class Members.

D. **Distribution of Class Member Fund**

1. The Settlement Administrator shall distribute to the Class Members their individual portion of the Class Member Fund ("Individual Payment"), or as otherwise directed by the Court.

2. The Settlement Administrator will send the Individual Payment to the Class Members, along with the agreed-upon Settlement Notice, by postmarked First Class U.S. Mail.

3. The Settlement Administrator shall maintain a list of the postmark date for the original mailing of the Individual Payment and Notice to the Class Members and a list of Class Members who did not receive same due to the inability to locate a valid address.

4. One half of all individual settlement payments will be treated as ordinary wages reported on Form W-2s and subject to payroll tax withholdings. Defendant is responsible for payment of the employer's share of payroll taxes as required by law.

5. One half of all individual settlement payments will be treated as alleged liquidated damages or miscellaneous payments on Forms 1099, for which Plaintiff and Class Members are solely responsible for all tax liability. The Settlement Administrator will prepare and issue IRS Form 1099s to Class Members who received and cashed a payment.

6. All Individual Payments shall remain negotiable for a ninety (90) day period after the date of distribution. To the extent there is any Individual Payment to any Group Member that is unclaimed or not distributed, such as undeliverable or uncashed settlement checks, the

Settlement Administrator will advise the parties of such amounts. Any amounts not cashed after ninety (90) days of distribution of the settlement checks shall not revert to Defendant, but instead shall be distributed to a *cy pres* fund that will be donated to a charity selected by Defendant and approved by Plaintiff.

## VI. CLAIMS RELEASED BY CLASS MEMBERS

### A. Claims Released By Plaintiff and the Class Members

Upon the Effective Date, the Parties agree this Settlement shall be effective as a full and final accord and satisfaction, and settlement of and as bar to, the Released Claims. The Parties further agree this Settlement shall be binding on the Defendant, Plaintiff, and Class Members who shall fully release and forever discharge Defendant and the Released Parties from any and all Released Claims during the Class Period. As a result of this release, the Class Members will be unable to bring a claim arising out of the Released Claims.

### B. Tax Treatment and Tax Indemnification

Class Members will assume any tax obligations or consequences which may arise from this Settlement. Class Members release any and all claims they have or may have against Defendant or the Released Parties for any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, indemnification, and any other recoveries related to any payments made under this Settlement or any compensation provided at any time by Defendant or any of the Released Parties. The Class Members shall not contact Defendant, any of the Released Parties, or Defense Counsel.

## VII. APPROVAL AND DISMISSAL OF THE ACTION

### A. Cooperation: 
Plaintiff, Defendant, Plaintiff's Counsel, and Defense Counsel agree to fully cooperate with each other to accomplish the terms of this Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be

necessary to implement the terms herein. The Parties agree to use their best efforts and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Settlement.

B. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

C. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached to the Parties' Joint Motion For Preliminary Approval of Settlement, granting preliminary approval of the Settlement, including the form, content, and method of distribution of the notice to the Group Members, preliminarily approving the Service Payment to Plaintiff, and preliminarily approving Plaintiff's Counsel's attorneys' fees and costs. Upon the close of the opt-out period, the Parties will also jointly move the District Court for final approval of the settlement.

D. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, at Defendant's costs.

## VIII. MISCELLANEOUS PROVISIONS

A. **Confidentiality of Plaintiff's Claims**

The Parties agree the facts and allegations underlying Plaintiff's claims against Defendant shall be confidential unless they are in the public record, have previously been publicly disclosed, or if any confidentiality rights have been expressly waived. The Parties agree the terms herein shall remain strictly confidential and the Parties shall not discuss, disclose, disseminate, or publicize the facts and allegations underlying Plaintiff's claims against Defendant, or the terms of this Settlement or the MOU, except: (i) to obtain court approval of the settlement of Plaintiff's claims; (ii) as necessary to a tax return preparer and/or taxing agencies; (iii) as necessary to the

Parties' attorneys; (iv) as required by law; (v) as necessary to the Class Members; and/or (v) in response to an order of a court or governmental agency of competent jurisdiction or subpoena issued under proper authority. Additional disclosures may be made as follows: by Plaintiff to her immediate family; by Defendant to its employees and agents to the extent necessary to effectuate the terms herein, or who otherwise need to know the terms for a legitimate business purpose; to tax advisors; and for accounting or public filing purposes or to otherwise comply with reporting duties. Nothing herein restricts, or is intended to restrict, communications between Plaintiff and her counsel. If contacted by the media, the Parties will inform them the case has been resolved and refer them to the public filings.

B.     **Parties' Authority**

The signatories hereto represent that they are fully authorized to enter into this Settlement.

C.     **Binding Nature of the Settlement**

1.     This Settlement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties. Plaintiff represents, covenants, and warrants she has not directly or indirectly, assigned, transferred, encumbered, any claim, demand, action, cause of action or rights released in the Released Claims in this Settlement. This Settlement shall be binding upon Plaintiff and the Class Members, as well as the heirs, estates, legal representatives, or powers of attorney of Plaintiff and the Class Members.

2.     This Settlement may be amended or modified only by a written instrument signed by Plaintiff's Counsel, Plaintiff, Defense Counsel and Defendant. No rights under this Settlement may be waived except in writing.

3.     No oral representations, warranties, or inducements have been made to any party concerning this Settlement other than the representations, warranties, and covenants contained and memorialized herein and in the MOU.

11

4. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions. Each term of this Settlement is intended to be contractual and not merely a recital.

D. **Joint Drafting of Settlement Documents**

1. Plaintiff's Counsel and Defense Counsel arrived at this Settlement as a result of a series of arm's-length negotiations, considering all relevant factors, present and potential.

2. This Settlement has been drafted jointly by Plaintiff's Counsel and Defense Counsel and, therefore, in any construction or interpretation of this Settlement, the same shall not be construed against any of the Parties.

3. Plaintiff and Plaintiff's Counsel agree none of the documents provided to them by Defendant shall be used for any purpose other than the settlement of this Action. Specifically, none of the documents provided shall be used to pursue any subsequent claims or litigation against Defendant or the Released Parties.

E. **Execution of the Settlement**

This Settlement may be executed in one or more counterparts and by facsimile or electronic signature. All executed copies of this Settlement, and photocopies thereof, shall have the same force and effect, and shall be as legally binding and enforceable, as the original.

F. **Condition Precedent**

Unless otherwise agreed to in writing by the Parties, if the terms of this Settlement are not approved by the Court, this Settlement shall become null and void without any further action on the part of the Parties.

G. **Continuing Jurisdiction of the Court**

Judge Sarah D. Morrison shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement, including but not limited to the interpretation and enforcement of the terms herein.

*[Signatures on next page]*

## **PLAINTIFF AND PLAINTIFF'S COUNSEL**

DATED: October _____, 2019    By:_____
                                                          Plaintiff Juanita Campbell

AGREED AS TO FORM

DATED: October _____, 2019    NILGES DRAHER LLC

                                                          By: _____
                                                              Hans A. Nilges

                                                           *Attorney for Plaintiff*

## **DEFENDANT AND DEFENDANT'S COUNSEL**

DATED: October _____, 2019          By:_____
                                          By: Deborah Wolfe, RN
                                          Its: CEO


                                    *Authorized to sign on behalf of Defendant
                                    Wise Medical Staffing, Inc.*


AGREED AS TO FORM
                                    THOMPSON HINE LLP


DATED: October _____, 2019          By:_____
                                          Nancy M. Barnes
                                          Heather M. Muzumdar

                                    *Attorneys for Defendant*