# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JUANITA CAMPBELL, on behalf of herself and all others similarly situated,** ) | |
| ) | Case No. 2:18-CV-00493 |
| ) | |
| Plaintiff, ) | Judge Sarah D. Morrison |
| ) | |
| vs. ) | Magistrate Judge Kimberly A. Jolson |
| ) | |
| **WISE MEDICAL STAFFING, INC.,** ) | **ORDER PRELIMINARILY APPROVING SETTLEMENT** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Juanita Campbell ("Plaintiff") and Defendant Wise Medical Staffing, Inc. ("Defendant") jointly move the Court to preliminarily approve their proposed Settlement Agreement ("Settlement Agreement") for Plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and under the Ohio Overtime Compensation statute, Ohio Rev. Code Ann. § 4111.03. (ECF No. 54.) The parties seek approval of their proposed class definition and Notice of Settlement ("Notice") to be sent to the putative Class Members. *Id*. They also request a date for the final fairness hearing. *Id*.

The Court has reviewed the Settlement Agreement, as well as the Parties' Joint Motion, the Declaration of Attorney Hans Nilges appended thereto, and the pleadings and filings in this Action. For good cause established therein, the Court hereby preliminarily approves the Settlement Agreement, defines the Settlement Class, preliminarily approves the Notice of Settlement to be sent to putative Class Members, appoints class counsel, and sets a final approval hearing as follows:

1. On May 17, 2018, Plaintiff filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime statute by failing to pay Plaintiff and other

similarly situated employees all of their overtime pay for hours worked in excess of 40 in one work week.[1] Namely, Plaintiff alleged Defendant wrongfully withheld pay for work-related travel time.

2. On January 25, 2019, Defendant filed its Answer to Plaintiff's Complaint, in which Defendant denied Plaintiff's material allegations, and that it violated any federal or state law.[2]

3. On January 30, 2019, Plaintiff filed a Motion for Conditional Certification pursuant 29 U.S.C. § 216(b).[3] Defendant filed its opposition on February 20, 2019, and Plaintiff filed her Reply in Support on March 6, 2019.[4]

4. On August 30, 2019, the Parties participated in mediation with Court-appointed mediator Richard N. Coglianese. The Parties reached a settlement in principle at mediation.

5. The Settlement Agreement provides for class-wide settlement, claims administration, and distribution to class members as represented in the Settlement Agreement. Settlement of FLSA claims is subject to approval by the Court pursuant to 29 U.S.C. § 216(b) and the class claims under state law are subject to approval pursuant to Federal Rule of Civil Procedure 23.

6. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, with the assistance of a Court-appointed mediator.

7. Having reviewed the Parties' Settlement Agreement and Joint Motion for Preliminary Approval of Settlement, the Court preliminarily holds that the Settlement Agreement

---

[1] ECF No. 1.
[2] ECF No. 27.
[3] ECF No. 30.
[4] ECF Nos. 20 and 24.

is the product of arms-length negotiations between experienced counsel and was reached after substantial investigation of the claims. The Settlement Agreement is therefore preliminarily approved under 29 U.S.C. § 216(b) and Ohio Revised Code § 4111.03. The Settlement Agreement is hereby incorporated by reference into this Order and all terms defined in the Settlement Agreement will have the same meanings in this Order.

8. For purposes of effectuating this settlement, the Court defines the Settlement Class as:

> All present and former home healthcare employees of Wise Medical Staffing, Inc. ("Wise") during the period of time from May 17, 2015 to until the date of this Order, who were not paid overtime pay for all time worked in excess of forty (40) hours in a workweek.

9. With respect to the proposed Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that certification is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and Fed. R. Civ. P. 23. In particular, the Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that (a) the members of the proposed Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the proposed Settlement Class; (c) the claims of the proposed representative plaintiff are typical of the claims of the proposed Settlement Class; (d) the proposed representative plaintiff and proposed Settlement Class Counsel have and will fairly and adequately protect the interests of the Class; (e) the questions of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members; and (f) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy.

10. Plaintiff Juanita Campbell is preliminarily appointed as Class Representative of the Settlement Class. Attorneys Hans Nilges, Jeffrey Moyl and Shannon Draher of Nilges Draher,

LLC are preliminarily appointed as Class Counsel for the Settlement Class. Class Counsel have engaged in thorough discovery as well as motion practice to investigate and identify potential claims in this case. *See Nilges Declaration*. They have experience in litigating class actions, have been lead counsel in other class action cases and possess the skill, experience and qualifications necessary to complete the settlement on behalf of the Settlement Class Members. *Id*. Class Counsel will fairly and adequately represent the interests of the Class Members for settlement purposes. Federal Rs. Civ. P. 23(c)(1)(B) and 23(g) are therefore preliminarily satisfied.

11. Class Counsel will file a motion with the Court on February 3, 2020 requesting an award of attorney's fees, costs and expenses payable to Class Counsel. Class Counsel will include within that motion a request for an incentive payment for Plaintiff as Class Representative.

12. The parties shall make the following changes to the proposed Notice and Opt-Out Form:

- The parties shall remove the "From" language at the top of page 1. (ECF No. 5402.) This shall be replaced with language providing the case caption and number and noting that the case is pending in the United States District Court for the Southern District of Ohio.
- The parties shall indicate Wise Medical Staffing, Inc., is the Defendant at the top of page one.
- The sentence regarding the potential service award in Paragraph A on page two shall be modified to state: "From this, Plaintiff Juanita Campbell may receive a Service Payment of up to $3,000, subject to Court approval, . . . ." *Id*. The sentences addressing the amount of attorney's fees and expenses in that same paragraph shall be modified similarly.
- Guidance as to where to send change of address information shall be included at the top of page three.
- The parties shall include directions as to where to send opt out forms at the top of page three.
- The parties shall add an instruction directly underneath "Please do not Contact the Court" stating that the Court cannot provide legal advice on page three.
- The parties shall change "Company" to "Wise" in question four on page four.
- The answer to question six on page four shall be clarified to indicate that class administration fees will also be deducted from the Gross Settlement Amount.
- The first sentence of the opt-out form shall state as follows: "Completing this form means you will not receive any money from Wise Medical Staffing, Inc. for alleged

unpaid wages involving this case, but you retain your right to bring your own lawsuit and to potentially collect damages from Wise in the future."

13. Once those alternations are made, the Court finds that the Notice complies with Rule 23 of the Federal Rules of Civil Procedure and with due process, constitutes the best notice practicable under the circumstances, and provides due and sufficient notice to all persons entitled to notice of the settlement of this Litigation. The Notice provides Settlement Class members with sufficient information to make informed decisions regarding their options in this action and the effect of the Settlement on their rights. Thus, the Court approves the Notice of Settlement of Lawsuit and orders that it be distributed to the Class Members of the classes in the manner described in the Settlement Agreement.

14. The Court will conduct a Final Fairness Hearing on February 19, 2020 at 10:00 a.m. at 85 Marconi Boulevard, Columbus, Ohio 43215 in Courtroom Five. During the Final Fairness Hearing, the Court will consider whether the Settlement Agreement should be approved as fair, reasonable, and adequate. The Court will further consider the motion for attorneys' fees, costs and expenses to Class Counsel and the proposed incentive award to the Class Representative. The Court will also address the entry of final judgment.

15. The Joint Motion for Preliminary Approval of Class & Collective Action Settlement (ECF No. 54) is **GRANTED**. This case is **STAYED** pending further proceedings in connection with the effectuation of the Settlement Agreement.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT COURT JUDGE**